# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **SUN LIFE ASSURANCE COMPANY OF CANADA**, | ) ) ) Case No. 1:06CV00078 |
| Plaintiff, | ) ) |
| | ) **OPINION** |
| v. | ) ) |
| | ) By: James P. Jones |
| **ETHEL ELSIE GROSE, ET AL.**, | ) Chief United States District Judge |
| | ) |
| Defendants. | ) |

*Roger W. Mullins, Roger W. Mullins, PLLC, Tazewell, Virginia, for Ethel Elsie Grose and Eddie H. Grose; Sandra K. Beeson-Grose, Pro Se.*

In this civil case involving the entitlement to life insurance proceeds, a pro se defendant seeks an order setting aside the entry of default. Because the defaulted party has not shown good cause, I will deny the request and enter final judgment.

I

As related in a prior opinion of the court, *Sun Life Assurance Company of Canada v. Grose*, No. 1:06CV0078, 2006 WL 3735596 (W.D. Va. Dec. 20, 2006), this case began as an interpleader action brought by a life insurance company to resolve conflicting claims to the proceeds of a group life insurance policy that insured the life of Billy Ray Grose, a resident of Bluefield, Virginia, who died in an accident

on August 28, 2005. The insurance company paid the proceeds of the policy ($41,175.46) into court and was dismissed as a party, leaving the dispute between Grose's parents, the named beneficiaries of the policy, and his widow, Sandra K. Beeson-Grose. Beeson-Grose was personally served with the suit papers on August 24, 2006, at her home in Kernersville, North Carolina. She did not timely respond to the lawsuit, and on November 3, 2006, the clerk entered a default. On November 30, 2006, the clerk received and filed a letter from Beeson-Grose stating

> I am writing to let you know of my intent. I know it is late, but I am proceeding without counsel. . . . It is my belief that my husband was not of sound mind when he made these changes to his Insurance policy. He was sick and on medications and also, as it is well known, abusing Alcohol, which claimed his life. My husband, Billy Ray Grose, was not well and was acting out of character in changing the beneficiary to his mother, Ethel Elsie Grose. It is a fact that Billy and his mother, Ethel Elsie, have a long history of not getting along. My belief is that his mother used his poor state of mind to manipulate Billy Grose, into changing the beneficiary, allowing him to believe that she would take care of his son, Casey Grose.

(Beeson-Grose letter 11/28/06.) In response to this letter, the court directed Beeson-Grose to provide any reasons why the court should excuse her from her default. Thereafter, she filed a letter stating that

> I am writing to offer an explanation for not filing a plea for my case in the time given. When the matter was first sent to your courts to be settled I was not sure what I needed to be done. I tried to find an attorney that could handle the matter for me and at first I was unable to so, because the distance and the location, Virginia. When I finally was

able to locate an attorney that was capable of handling this type case I found that I was not able to afford such an attorney. I am trying to represent myself in this matter. There was no one to let me know that there was a deadline on the time. I am without means to afford an attorney. All matters in this case I will handle myself. None of the other attorneys in this case communicated with me about a time frame being met.

(Beeson-Grose letter, 1/5/07.)

The other parties object to relieving Beeson-Grose of her default and have moved for summary judgment in their favor, based on the fact that they are the sole designated beneficiaries of their son's life insurance policy.

Beeson-Grose does not dispute that she and her husband were separated and in litigation over the custody and support of their child at the time of his death. Nor does she contest that he had duly changed the beneficiary of the policy from her to his parents on May 21, 2004, over a year before his death. She offers only that it is "[m]y belief is that his mother used his poor state of mind to manipulate [the deceased] into changing the beneficiary, allowing him to believe that she would take care of his son." (Beeson-Grose letter, 11/28/06.)

II

If a party does not plead or otherwise defend as provided by the rules, the clerk is required to enter a default. Fed. R. Civ. P. 55(a). The court may set aside entry of

-3-

default upon a showing of "good cause." *Id.* 55(c). This standard is to be liberally construed because of the institutional preference that controversies be decided on their merits. *See Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987). Among the factors to be considered in deciding whether good cause has been shown by the defaulted party are (1) whether the party has a meritorious defense; (2) the personal responsibility of the party for the default; and (3) any prejudice to the opposing parties. *Id.* at 953. Other factors include whether the party acted with reasonable diligence to set aside the default, whether there is a history of dilatoriness in the case, and the availability of other sanctions. *Id.*

Even though the life insurance policy here is governed by Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.A. §§ 1001-1144 (West 1999 & Supp. 2006), I should look to state law "to guide [my] federal-common-law analysis of [an] undue influence claim" such as made here. *Tinsley v. General Motors Corp.*, 227 F.3d 700, 704 (6th Cir. 2000). It is settled that a claim of due influence, a form of fraud, must be proved by clear and convincing evidence. *Friendly Ice Cream Corp. v. Beckner*, 597 S.E.2d 34, 38 (Va. 2004).

Applying the relevant factors to Beeson-Grose' request to be relieved of default, I find that the request should be denied and judgment should be entered in

favor of the decedent's parents as the rightful beneficiaries of the life insurance policy.

While Beeson-Grose asserts a claim of undue influence, she has pleaded no facts that would support such a finding by the high degree of proof necessary. Moreover, the default is her responsibility, as she admitted in her initial correspondence when she stated that "I know it is late . . . ." (Beeson-Grose, 11/28/07.)[1] Most important, further delay would definitely prejudice the other parties. The insurance money has already been reduced by the award of attorneys' fees to the insurance company for bringing the interpleader action. It would be unfair to further reduce that amount through the additional expense of prolonged litigation over a doubtful claim.

While I recognize the court's obligation to construe Beeson-Grose's pro se filings liberally, I do not find justification for relieving her of the default.

---

[1] The summons served upon her recited, as required by Rule 4(a), that an answer to the complaint was due within twenty days or judgment by default would be entered against her. Fed. R. Civ. P. 4(a).

## III

For the reasons stated, the default entered will not be vacated, the motion for summary judgment by Ethel Elsie Grose and Eddie H. Grose will be granted, and final judgment entered in their favor.

A separate judgment will be entered herewith.

DATED: February 6, 2007

/s/ JAMES P. JONES
Chief United States District Judge